## Case No. 4,305.

### EGBERT v. BALTIMORE & O. R. CO.

[2 Ben. 223.][1]

District Court, S. D. New York. March, 1868.

Beebe, Dean & Donohue, for libellant.
F. R. Sherman, for respondents.

BLATCHFORD, District Judge. This is a hearing on exceptions by the respondents to the report of a commissioner as to the damages recoverable by the libellant on a decree in a case of collision.

1. The commissioner reports the value of the libellant's vessel, which was sunk by the collision and totally lost, at $14,000. The respondents contend that the evidence before the commissioner warrants a value not exceeding $10,000. The libel claimed $16,000 as such value. The testimony is very conflicting, and, if the question were before me originally, as a new question, on the written testimony, and I were called on to decide upon it in the first instance, and it did not come up on the finding of a commissioner and an exception to such finding, I should be inclined to hold that the commissioner had allowed too much for the value of the vessel, and that a sum not exceeding $11,000 or $12,000 was the proper amount. But I cannot say that the preponderance of testimony against the $14,000 is such as to warrant me in disturbing the report in this respect. As was said by this court in Holmes v. Dodge [Case No. 6,637]: "It is not usual to reverse the judgment passed upon matters of fact by a tribunal or officer having had opportunity for a personal examination of witnesses in each other's presence. A court reviewing the evidence as reproduced upon paper, possesses but imperfectly the means of determining the relative credit of witnesses who stand in conflict as to facts, and it is always safer, when the preponderance is not palpable, to rely upon the discrimination and conclusions made by those who have seen and heard the witnesses face to face, than to attempt to settle that point by weighing the written report of the testimony." That was the case of exceptions to the report of a commissioner. The same views were applied by the circuit court for this district in The Grafton [Id. 5,655], and in The Narragansett [Id. 10,017]. The first exception is, therefore, disallowed.

2. The commissioner allowed $847.50 as freight, at $3.75 per ton, on 226 tons of coal which the libellant's vessel was carrying on freight at the time. The libel claims $625.50 as freight on 226 tons of coal, being a little over $2.76 per ton. The rate claimed per ton is not stated in the libel. The evidence shows that the $3.75 was the gross freight to be earned as contracted for. The second exception is to the allowance of the $847.50, "as no freight was claimed, and none was earned, or if any was earned, it was only pro rata itineris, and, if freight was earned, the insurance should be collected of the insurance companies." This exception is overruled. What is meant by the expression "no freight was claimed," is perhaps, not perfectly clear. The libel does claim some freight. If the exception means that the libellant did not, after the collision and before suit, claim the freight from the respondents as damages, that is immaterial. He claims it in this suit. The vessel having been in the act of earning freight, the freight which she was in the act of earning, and has lost by the collision, is allowed, as a just measure of compensation. The Gazelle, 2 W. Rob. Adm. 279; Williamson v. Barrett, 13 How. [54 U. S.] 101, 111; The Heroine [Case No. 6,416]. The second exception is disallowed.

3. The third exception is, that, in case the libellant is entitled to any freight, he is entitled to recover only the amount specified in the libel. The libellant is entitled to recover only net freight, and not gross freight. The commissioner has reported gross freight. There must be deducted from the freight the vessel was engaged in earning, the expenses she would have incurred if the voyage had been successfully performed, and which expense would have diminished by so much the gross freight. The Gazelle [supra]. The exception is broad enough to cover this point, as the libellant is entitled to recover only so much for freight as he has claimed therefor in his libel, and the freight, as allowed, being gross freight, and the amount claimed in the libel being less than the gross freight, it may well be that the amount claimed for freight in the libel is the net freight. In no event can the net freight to be allowed exceed the amount

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

claimed for freight in the libel. The third exception is allowed.

4. The commissioner has allowed interest on the value of the vessel and on the freight from the time of the collision to the date of his report. The fourth exception is, that no interest should be allowed on the freight, and that none is claimed in the libel. The fifth exception is, that interest should only be allowed, if allowed at all, from the time of the commencement of the suit, and that no interest is claimed in the libel. The libel claims no interest either on the value of the vessel or on the freight. I do not think it was necessary to claim interest in the libel. The libel claims to recover the damage stated for the loss incurred at the time of the loss, and the libellant is entitled, on the case made by him, to have the damages awarded to him as of the time of the loss, and to be made whole as of that time. This is done approximately by allowing to him interest on the value of his vessel and of his net freight to be earned, as they stood at the time of the collision; that is, interest on them from the time of the collision. The fourth and fifth exceptions are disallowed.